PER CURIAM.
This is an appeal from a judgment of conviction for grand auto theft and a sentence of four years’ imprisonment, followed by one year of probation. The conditions of probation included restitution of $792.14 and appellant was ordered to pay court costs of $250 and public defender fees of $475.
Appellant correctly contends on appeal that the trial court erroneously computed the scoresheet, resulting in a sentence that exceeded the guidelines presumptive sentence. The state concedes the error and the necessity for remand for resentencing.
We find no error demonstrated in appellant’s contention that the court erred in ordering him to pay restitution. Any objection thereto was clearly waived.
As for appellant’s contention of error in assessing costs and attorney’s fees against him, in Beasley v. State, No. 89-2188 (Fla. 4th DCA May 23, 1990), and other cases, we have held that such assessment against an indigent defendant without determining his ability to pay is improper. However, in Beasley we certified to the Supreme Court of Florida the following question:
WHETHER THE IMPOSITION OF COSTS AGAINST AN INDIGENT DEFENDANT IS DIFFERENT THAN THE COLLECTION OF THOSE COSTS MAKING THE QUESTION OF ABILITY TO PAY PREMATURE UNTIL ATTEMPT IS MADE TO COLLECT SUCH COSTS?
Accordingly, we reverse the sentence imposed and remand the cause to the trial court for imposition of a proper sentence.
DOWNEY, POLEN and GARRETT, JJ., concur.